**Childers v. Childers**

C.P. of Berks County, no. 4036-95 A.D.

*Matthew E. Fischer,* for plaintiff.
*Jill G. Koestel,* for defendant.

SCHMEHL, *J.,* March 29, 1996—This matter comes before the court on the preliminary objections of Lisa M. Childers, defendant, to the plaintiff's complaint for custody. The complaint for custody was filed on August 9, 1995. There is one child at issue, Michelle A. Childers, who was born on March 24, 1989. The defendant's preliminary objections were filed on September 8, 1995. The plaintiff filed an answer to the defendant's preliminary objections on October 20, 1995, and subsequently filed a brief in opposition of preliminary objections on November 27, 1995. The matter was set down for argument on December 4, 1995. After hearing argument on December 4, the court continued the matter to January 8, 1996 so that a decision regarding jurisdiction in the matter would be based not only upon argument but also upon testimony. The January 8, 1996

hearing was then continued to February 5, 1996, and then again continued to March 5, 1996.

The custody complaint alleges that Father lives in Ohio and Mother lives in Florida, and that they have one child, Michelle, who is in the primary custody of her mother. Father seeks primary physical custody, and alleges in the complaint that Pennsylvania has jurisdiction because Pennsylvania is the child's home state in that she resided here from birth until April 1, 1995. The complaint further alleges that it is in the best interests of the child to have Pennsylvania retain jurisdiction as there is substantial evidence in Pennsylvania as to her care and protection, no other state would have jurisdiction, the parents' postnuptial agreement from their (Pennsylvania) divorce proceedings addressed custody, and Mother intentionally removed the child from Pennsylvania so as to deprive Father of his custody rights.

Mother filed timely preliminary objections to the complaint on September 8, 1995. The preliminary objections allege that Pennsylvania is an inconvenient forum as neither of the parents nor the child have lived in Pennsylvania since April 1995, four months prior to the filing of the custody complaint. The preliminary objections further allege that Father moved to Ohio in April 1994, and that one year later, Mother moved to Florida. It further alleges Mother did not move with the intent to deprive Father of custody, rather Father himself had relocated to Ohio one year earlier. There was no pending custody action at the time of Mother's relocation, only the parties' postnuptial agreement which briefly mentioned custody. Mother's preliminary objections further allege that neither parent nor the child have sufficient contacts with the Commonwealth of Pennsylvania or Berks County, thus making Pennsyl-

vania an inconvenient forum. Mother requests the complaint be dismissed and also requests counsel fees.

Mother's brief in support of preliminary objections argues that the UCCJA controls in this matter and that under the UCCJA, this court has no jurisdiction to hear this matter.[1] Father's answer to Mother's preliminary objections admits neither party now lives in Berks County but claims that there are significant contacts here along with much evidence as to the child's care and well-being, and that no other state meets the requirements for jurisdiction under 23 Pa.C.S. §5344. Father also filed a brief in support of his position.

Pa.R.C.P. 1915.5(a) states that a party must raise any question of jurisdiction by preliminary objection filed within 20 days of service of the pleading to which the objection is made or at the time of hearing, whichever occurs first. The notes following the rule refer to 23 Pa.C.S. §5348, "inconvenient forum." Section 5348 gives the court the power to decline to exercise jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make the custody determination and that a finding of inconvenient forum may be made upon the court's own motion or upon motion of any party. The factors to be considered include: if another state is or recently was the home state of the child; if another state has a closer connection with the child and his family or with the child and one or more of the contestants; if substantial evidence concerning the present or future care, protection, training and personal relationships of the child is more readily available in another state; if the parties have agreed

---

1. Mother's brief only generally cites the UCCJA, without reference to specific sections, and gives no cites to any cases. Under her claim for attorney's fees, she does cite 42 Pa.C.S. §§5348(9) and 5349(c).

on another forum which is no less appropriate; if the exercise of jurisdiction by a court of this Commonwealth would contravene any of the purposes stated in section 5342 (related to purposes and construction of subchapter). Pa.R.C.P. 1915.2 covers venue in actions for custody and visitation. Rule 1915.2(d) covers the issue of forum non conveniens and states that upon petition of any party the court may transfer an action to the appropriate court of any other county where the action could originally have been brought or could be brought at the time of filing the petition to transfer.

Rule 1915.2 makes no mention of handling this issue through preliminary objections nor a result of the dismissal of the custody complaint due to forum non conveniens. The court has doubts as to whether the procedure used to bring the issue of jurisdiction to the court for consideration was the best method. Pa.R.C.P. 1028(a)(1) provides that preliminary objections may be filed by any party to any pleading and are limited to certain grounds, including lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint. The note immediately following that section states that of the three grounds available to challenge venue, only improper venue may be raised by preliminary objection (as provided by Rule 1006(e)) and that forum non conveniens is to be raised by petition as provided in Pa.R.C.P. 1006(d)(1). However, as previously stated, 23 Pa.C.S. §5348 covers inconvenient forum in custody matters. Preliminary objections are not a totally inappropriate manner to bring this issue before the court.

Under either a jurisdiction argument or a forum non conveniens argument, this court could refuse to take jurisdiction and refer the matter to Florida. The UCCJA

governs child custody jurisdiction disputes. Its purpose is to avoid jurisdictional competition, promote cooperation between courts, assure litigation ordinarily occurs where the child and her family have the closest connection and where there is significant evidence of the child's care, protection, training and personal relationships is most readily available. It is also to discourage continuing controversies over custody, deter abductions, avoid relitigation of disputes of other states, facilitate enforcement of other states' decrees and promote the exchange of information between courts. 23 Pa.C.S. §5342(a)(1)-(8).

23 Pa.C.S. §5344(a) provides that Pennsylvania has jurisdiction to decide custody matters if:

"(1) *this Commonwealth:*

"(i) is the home state of the child at the time of commencement of *the proceeding;* or

"(ii) had been the home state of the child within six months *before* commencement of the proceeding and the child is absent from this Commonwealth because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this Commonwealth (emphasis added);

"(2) it is in the best interest of the child that a court of this Commonwealth assume jurisdiction because:

"(i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth; and

"(ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training and personal relationships of the child . . .

"(4)

"(i) it appears that no other state would have jurisdiction under prerequisites substantially in accord-

ance with paragraph (1), (2) or (3), or another state has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum to determine custody of the child; and

"(ii) it is in the best interest of the child that the court assume jurisdiction . . . ."

The considerations within section 5344(a) are akin to those of section 5348, inconvenient forum and Pa.R.C.P. 1915.2, venue.

Under the UCCJA, Pennsylvania cannot assume jurisdiction over this matter. Under section 5344(a)(2), Pennsylvania can assume jurisdiction if it can be shown that the child and at least one parent can be shown to have significant connections with Pennsylvania and there is available here substantial information as to the child's care, protection, etc. The child resided in Pennsylvania until April 1, 1995. The custody complaint was filed in early August 1995, within six months of the child's departure from Pennsylvania. However, neither of the parents nor the child now live in Pennsylvania, thus Pennsylvania does not have jurisdiction under section 5344(a)(1)(i)-(ii). It is unlikely that there could be significant contacts and substantial information here considering that one parent has been in Florida since April 1995, and the other has been in Ohio since April 1994. Under section 5344(a)(4)(i)-(ii), Pennsylvania could retain jurisdiction if it could be shown no other state would have jurisdiction. Under the UCCJA, Florida could assume jurisdiction if it could be shown that is where the evidence regarding the child's well-being is and is where there are the most contacts.

The parties separated in 1992. Both continued to live in Berks County for a period. Father then moved to Ohio in July 1994. Mother told Father in February 1995 that she was moving to Florida. He voiced no

objections and in fact said things indicating that he liked the idea, including that he would have a "Florida baby." Mother moved to Florida on March 31, 1995. During Mother's move, Father kept the child with him in Ohio. The parties disputed when the child was returned to Mother. Father claims he had the child from the last week of March through the last week of June 1995, and the exchange occurred at Mother's mother's house. Mother claims that the child was exchanged at an airport in West Virginia in mid-May 1995, and that the child was with Father for only two to two and a half months.

Father testified that when he had custody of the child in the spring of 1995, he consulted with attorneys in West Virginia and Ohio, and then obtained legal counsel in Pennsylvania. This would seem to indicate that Father no longer considered the child to have contacts in Pennsylvania. However, he argues she has no significant contacts in Florida. He admits that Mother took the child to Florida with his full knowledge, and that when the child was with him in Ohio, it was with Mother's agreement. Furthermore, he agrees that he and Mother have remained in contact regarding the child. The parties stipulated that Mother had friends and relationships when she lived in Pennsylvania and that she had such things as a regular doctor, dentist and such. Father testified that Mother has no family in Pennsylvania, nor does he. He stated that Mother has nothing in Pennsylvania now.

The child attends school in Florida. Mother owns her home, and also runs a business in Florida. Mother alleged that at the time Father filed his custody complaint, the child had been in Florida for three and one-half months. The child had attended kindergarten in Pennsylvania, although not for a full year as she went

to stay with Father in the spring of 1995. When Mother moved to Florida she was working as a flight attendant based in Baltimore; at the time of her move not all the paperwork to open her business was complete. Since moving to Florida, Mother has taken the child to visit Father, but Father has not visited the child in Florida.

Father's custody complaint alleges that Mother moved to deprive him of contact with the child. This is a difficult argument to accept considering he moved from Pennsylvania a year before Mother left the state. Furthermore, there is *nothing* in the record indicating Mother had any intention of depriving Father of contact with the child. Rather, it appears Mother has made a good faith effort to keep Father involved in the child's life. The parties' postnuptial agreement awarded custody to Mother, so she had color of right to keep the child with her. That agreement also gives the court the ability to look at this matter for the limited purpose of seeing that there are simply no contacts in Pennsylvania. The weight of the evidence shows that Father consented to the move to Florida.

Mother's preliminary objections are not just about "inconvenient forum." The allegations also indicate a challenge to jurisdiction. Because the allegations support a challenge to jurisdiction, and because this court can see no way that it could rationally retain jurisdiction, the court will sustain the preliminary objections.

Despite any procedural defects there might be in this record as it is not entirely clear preliminary objections were the best method for bringing this matter before the court, the court does believe it is proper, under the UCCJA and other provisions of the rules and code relating to venue, forum non conveniens and jurisdiction for it to decline jurisdiction and instead transfer jurisdiction of the matter to Florida. All evidence indicates

that Father consented to the child moving with Mother to Florida. Furthermore, there is no merit to his allegations that Mother made the move to deprive him of contact with the child, especially considering that he had previously moved out of the state, and that it is obvious Mother has made some effort to continue Father's contact with the child. All this aside, it is also very, very clear that the child no longer has sufficient contacts in Pennsylvania for there to be a viable custody action held here, and that instead she has taken up her life in Florida, and that Florida will have the necessary information as to her well-being.

For the foregoing reasons, the court enters the following order:

## ORDER

And now, March 29, 1996 the defendant's preliminary objections are granted. This court declines jurisdiction of the custody matter and further transfers the matter to the appropriate court in the State of Florida.

Defendant's request for costs, expenses and counsel fees is denied.

